## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

BRET THIELEN, individually and on
behalf of a class of similarly situated individuals,

         Plaintiff,

         v.

BUONGIORNO USA, INC., a Florida
Corporation, d/b/a BLINKO

         Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Hon.

1:06 CV0016

**Jury Trial Demanded**

**Gordon J. Quist**
**U.S. District Judge**

FILED - GR
06 JAN -6 PM 3:14

### CLASS ACTION COMPLAINT

Plaintiff Bret Thielen brings this class action complaint against defendant Buongiorno USA, Inc. d/b/a "Blinko" ("Buongiorno") to stop defendant's practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons injured by its conduct. For his class action complaint, Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE CASE

1.     In a recent effort to promote the sale of ringtones and other text message services, Buongiorno, a provider of such cellular phone entertainment services, engaged in an especially pernicious form of marketing: the transmission of unauthorized advertisements, in the form of "text message" calls to the cell phones of consumers across the nation.

2.     By effectuating these text message calls (hereinafter, "wireless spam" or "SMS Spam"), Buongiorno has caused such consumers actual harm, not only because the consumers were subjected to the aggravation that necessarily accompanies unsolicited wireless spam, but

also because in virtually all instances consumers actually have to pay their cell phone service providers for the receipt of such wireless spam, notwithstanding that it is sent in violation of specific legislation on the subject.

3.      In order to redress these injuries, Thielen, on behalf of himself and a nationwide class, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, (the "TCPA") which prohibits unsolicited voice and text calls to cell phones.

4.      On behalf of the class, Thielen seeks an injunction requiring Buongiorno to cease all wireless spam activities and an award of actual and statutory damages to the class members, together with costs and reasonable attorney's fees.

## PARTIES

5.      Plaintiff Bret Thielen is a citizen of Michigan, residing in Kent County, Michigan.

6.      Defendant Buongiorno is a self-proclaimed "international company active in the field of multimedia contents for telephony and digital channels. Buongiorno is one of the first companies to reach a worldwide audience in the mobile Value Added Services area, and is a clear market leader in the United States, Europe, and Latin America." It is a Florida corporation with its principle place of business in Miami Beach, Florida.  It does business throughout the United States, including Kent County, Michigan.

## JURISDICTION

7.      The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Buongiorno, (b) the amount in controversy exceeds $5,000,000, exclusive of interests and

2

costs, and (c) none of the exceptions under that subsection applies to the instant action.

## VENUE

8.      Venue is proper in this district under 28 U.S.C. §§ 1391(a)(1) and 1391(a)(2).

## CONDUCT COMPLAINED OF

9.      In recent years, marketers, who often have felt stymied by federal laws limiting solicitations over telephones, facsimile machines, and e-mails, have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

10.     One of the newest types of such bulk marketing is to advertise through Short Message Services.  The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 or so characters, on their cellular telephones.

11.     An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device.  When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

12.     Unlike more conventional advertisements, wireless spam actually costs its recipients money, because virtually all cell phone users must pay for each text message call they receive, whether or not the message is authorized.

13.     In or about December, 2005, Buongiorno caused a mass transmission of wireless spam to the cell phones of what it hoped were potential customers.

14.     The sender field of the transmission contained only the five-digit number: 42222.

3

The subject line of the message was: "HERE IS ANO...." The body of the message read as follows:

> Here is another chance to receive your text alerts from Blinko.com.
> Simply reply with txt MY PRANK.

15.     On or about December 10, 2005, plaintiff Bret Thielen's cell phone rang, indicating that he had received a text call. Under his contract with his cell phone service provider, this cost him ten cents. Over the next several days, Mr. Thielen received approximately five additional text messages from the same sender that contained an identical message as described above. Mr. Thielen was charged by his cell phone service provider an additional $0.10 per message for the receipt of these text message calls.

16.     The sender of the text call identified itself as only "42222".

17.     When he accessed the full message, he saw that it was the wireless spam advertisement from Buongiorno, quoted in full above.

## CLASS ALLEGATIONS

18.     Thielen brings this action, pursuant to FRCP 23(b)(2) and FRCP 23(b)(3), on behalf of himself and a class (the "Class") consisting of all persons residing in the United States of America who, within four years of the filing of this lawsuit, (1) received a text message from Buongiorno and (2) subscribed to a cellular telephone plan wherein they were required to pay to receive text messages based upon the number of text messages they received.

19.     Upon information and belief, there are thousands of members of the Class who are geographically dispersed, such that joinder of all members is impracticable.

4

20.     Common questions of law and fact exist as to all members of the Class and predominate over questions affecting individual members.  Common questions for the Class include:

      (a)     Is Buongiorno's conduct governed by the TCPA?

      (b)     Does the wireless spam Buongiorno distributed violate the TCPA?

      (c)     Are the class members entitled to treble damages based on the willfulness of Buongiorno's conduct?

21.     Thielen will fairly and adequately protect the interests of the Class, his claims are typical of the claims of the members of the respective classes, and he has retained counsel competent and experienced in class action litigation.

22.     A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the respective classes is impracticable, and (b) many members of the classes cannot vindicate their rights by individual suits because their damages are small relative to the burden and expense of litigating individual actions.

## COUNT I

23.     Thielen incorporates by reference the foregoing allegations.

24.     Buongiorno made unsolicited commercial text calls to the members of the Class using an automatic telephone dialing system and/or using an artificial and prerecorded message to the wireless telephone numbers of the Class.

25.     These calls were made without the prior express consent of the called parties.

26.     Buongiorno has, therefore, violated the TCPA, 47 U.S.C. 227(b)(1)(A)(iii).

27.    As a result of Buongiorno's illegal conduct, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled, *inter alia,* to a minimum of $500.00 in damages for each such violation of the TCPA

28.    Because Buongiorno's misconduct was willful and knowing, the Court should, pursuant to section 227(b)(3)(C),  treble the amount of statutory damages recoverable by the members of the Class.

WHEREFORE, Plaintiff Bret Thielen, on behalf of himself and the Class, prays for the following relief:

1.    An order certifying the Class as defined above;

2.    An award of actual and/or statutory damages;

3.    An injunction requiring Buongiorno to cease all wireless spam activities

4.    Reasonable attorney's fees and costs; and

5.    Such further and other relief the Court deems appropriate.


**JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: January 6, 2006

Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com

John Blim
Jay Edelson
Myles McGuire (Of Counsel)
BLIM & EDELSON, LLC
Attorneys for Plaintiff
53 West Jackson Boulevard, Suite 1642
Chicago, Illinois 60604
Telephone: (312) 913-9400
Telefax: (312) 913-9401


John G. Jacobs
Bryan G. Kolton
THE JACOBS LAW FIRM, CHTD.
Attorneys for Plaintiff
122 South Michigan Avenue, Suite 1850
Chicago, Illinois 60603
Telephone: (312) 427-4000
Telefax: (312) 427-1850