UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRET THIELEN,

    Plaintiff,

v.

                                    Case No. 1:06-CV-16

                                    Hon. Gordon J. Quist

BUONGIORNO USA, INC., a Florida
Corporation, d/b/a BLINKO,

    Defendant.
                                      /

**ORDER**

       Pending before the court is Defendant's Motion to Compel Inspection of Plaintiff's Computer (docket no. 38). Plaintiff alleges that Buongiorno USA, Inc. ("Blinko"), which provides entertainment content through the transmission of text messages to its transcribers, violated the Telephone Consumer Protection Act of 1991 ("TCPA") by sending text messages to plaintiff's cell phone without his permission. In support of his claim plaintiff alleges that he "never willingly or knowingly subscribed to any service from Blinko," and indeed contends he never heard of them before receiving their messages. Blinko responds that to subscribe to its services, customers must first initiate contact by sending their cellular telephone number to Blinko, via either some internet website or a text message directly to Blinko. Blinko now seeks to examine plaintiff's computer to determine whether plaintiff had knowledge of Blinko and its services prior to plaintiff's receipt of Blinko's text messages on his cell phone. Plaintiff opposes the motion.

Blinko served its written Request for Inspection of the Plaintiff's Computer ("Request") on July 19, 2006.[1] Contacting plaintiff's counsel on several occasions thereafter to schedule the inspection (without success), counsel for Blinko stated each time that it was open to negotiating a protective order to protect any concerns plaintiff might have. Plaintiff failed to respond to the written request for inspection for over three months. Finally, in both an email and a subsequent letter, dated October 23 and October 27, 2006, respectively, plaintiff objected to defendant's request. In both responses plaintiff attempted to condition the requested inspection on defendant first producing evidence of plaintiff's subscription to the defendant. It further submitted what Blinko characterizes as "general conclusory and boilerplate objections, baseless and without merit."[2] Defendant points out, and plaintiff concedes, that the answer to the request was untimely.

When a party fails to respond to a Request for Inspection submitted pursuant to Rule 34, Federal Rules of Civil Procedure, or fails to permit the inspection as requested, the party seeking discovery may move for an order compelling the requested inspection. Rule 37(a)(2)(B), Fed. R. Civ. P. A party need not provide discovery of electronically stored information from sources that the party, here the plaintiff, identifies as not reasonably accessible because of undue burden or cost. Rule 26(b)(2)(B). However, the burden is on the plaintiff to make this showing, and even if plaintiff succeeds, the court may nevertheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). In this instance, those considerations would include whether the burden or expense of the proposed discovery outweighs

---

[1] The parties had discussed an inspection of the computers previously. Counsel for plaintiff asked that the request be put in writing.

[2] Unfortunately, neither party appears to have shared with the court the actual language of plaintiff's response.

its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. *Id.* The court may also specify conditions for the discovery. Rule 26(b)(2)(B). See also Rule 37(a)(4)(C) and Rule 26(c)(2) and (7) (if a motion to compel disclosure is denied in part, the court may, among other things, enter a protective order requiring the party seeking discovery to pay the responding party's resulting expenses and may also designate an impartial third person to examine any confidential information.). A court may, of course, make any type of protective order required by justice. *Mitchell v. Fishbein*, 227 F.R.D. 239, 254 (S.D.N.Y. 2005).

It is appropriate to begin the court's analysis by addressing defendant's contention that plaintiff has waived its objections because they were untimely. Defendant correctly points out the general rule that failure to object to discovery requests within the thirty days provided by Rule 34 constitutes a waiver of any objection. See *Carfagno v. Jackson Nat'l Life Ins. Co.*, 2001 U.S. Dist. LEXIS 768, *3 (WD Mich), and the authorities cited therein. "If the time limits set forth in the discovery rules are to have any meaning, waiver is a necessary consequence of dilatory action in most cases. 'Any other result would . . . completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences.'" *Carfagno*, 2001 U.S. Dist. LEXIS at *4 (citations omitted). But the court in *Carfagno* went on to point out that courts will examine the circumstances of each case, including the reason for tardy compliance, prejudice to the opposing party, and the facial propriety of discovery requests, to determine whether enforcement of the waiver is equitable.

In this case, plaintiff does not seriously contend that it has good cause for failing to meet the deadline under the rule. Counsel simply states that at the time they received the written request for inspection they were busy with a comprehensive document received from the Florida Attorney General, as well as some other matters, and defendant's request "slipped through the cracks." Plaintiff does not contend, however, that it was unaware of this request during the three month period that followed.

Nevertheless, it is axiomatic that any discovery must be relevant and not unnecessarily burdensome. See, generally, Rule 26.[3] Unlike the not so distant past, when individual file folders pertaining to specific subjects could be readily identified and removed from a file drawer for inspection without disclosing the rest of the contents of the file cabinet to the opposing side, inspection of an opponent's computer may open up countless files to the searcher that are not relevant and that may be proprietary or privileged.

While the court is satisfied defendant has established a viable reason for discovery, for example, whether plaintiff used his computer to initiate contact with Blinko through some internet website, and that this information would be highly pertinent to a decisive issue at trial, that is, whether plaintiff received "unsolicited" communications from Blinko, to allow defendant unrestricted access to plaintiff's computer would certainly constitute an undue burden. Under these circumstances, even where there has been a waiver of objections due to untimeliness, it seems incumbent upon the court to take steps to satisfy the discovery request without the result being a wholesale rummaging through plaintiff's filing cabinet.

---

[3]Cost to plaintiff is not a factor. It appears there would be little out-of-pocket expense to plaintiff if the defendant was to take an image of the hard drive of his computer.

Accordingly, defendant's motion to compel inspection of plaintiff's computer is GRANTED in part, provided that:

Defendant shall conduct its forensic examination of plaintiff's computer by imaging the hard drive of the computer, and shall limit its examination of the image to determining whether, during the period of December 1 through December 15, 2005, plaintiff accessed Blinko's website or a website which advertised Blinko, what interaction plaintiff had with such websites and what, if any, information concerning those internet transactions was subsequently deleted. Further, defendant shall select a qualified and experienced forensic examiner to conduct this examination and this person shall conduct the examination in confidence and outside the presence of the parties or their attorneys. When this person has completed his examination, he shall provide a hard copy of his proposed findings to plaintiff's counsel for review prior to furnishing them to defendant's counsel. In the event plaintiff's counsel objects to any of the findings being furnished to defendant, he shall file a motion for protective order within ten days of receipt of the findings. If no such motion is filed within this period, the examiner may thereupon furnish the findings to defendant. All costs for the examiner shall be borne by the defendant. The parties are free to work out the details of this examination within the limitations imposed by this order.

IT IS SO ORDERED.

Entered:   February 8, 2007              /s/ Hugh W. Brenneman, Jr.
                                         Hugh W. Brenneman, Jr.
                                         U.S. Magistrate Judge